McKiNNEY, J.
delivered the opinion of the Court.
The prisoner was indicted for murder in the Criminal Court at Memphis, at the February term, 1856. At the following June term, on the application of the prisoner, the venue was regularly changed by order of the Court, as seems from the record, to the county of Fayette; and a transcript of the record and proceedings was ordered to be certified to said Court. For some cause, of which the transcript before us leaves us in utter ignorance, the order for the change of venue was not executed; and the next step in the case, according to the record, was at the October term, 1856, of said Criminal Court, when, as it appears, the case was considered as still remaining in that Court for trial; whereupon, the prisoner, in the form of a special plea, set up the objection of want of authority or right in that tribunal, to entertain further jurisdiction of the case, by reason of the order of the preceding term, changing the venue. To this plea the Attorney (General put in a demurrer, which was sustained, and leave given the prisoner to plead to the indictment. The prisoner then pleaded not guilty, and the case was continued on his application. At the February term, 1857, the venue *362 was again ordered to be changed, on the application of the prisoner, to Tipton county; in which latter county a trial was had at the January term, 1858.
The prisoner was convicted of manslaughter, and sentenced to confinement in the penitentiary for the term of three years. From which judgment he prosecuted an appeal in error to this Court.
1. Taking the proceedings to have been as presented in .this record, and we cannot do otherwise, the Court had no jurisdiction of the case after the first order, for the change of venue. We are not called' on to say, in the state of this record, whether it might not have been allowable for the Court, with the assent of the prisoner, to have vacated the order for the change of venue, at the same term at which it was made; no such question arises, we cannot presume that any such thing took place; on the contrary, the objection by the prisoner, at the ensuing term, urged by way of plea to the jurisdiction, implies that no such proceeding took place.
That the jurisdiction of the case was transferred to the Circuit Court of Fayette, by the first order of the Court, admits of no debate, after which the Criminal Court of Memphis had no further control or jurisdiction of the case, except to make additional orders, if necessary, to complete the transfer of the case.
2. From the record, it appears that the jury who tried the prisoner, was composed of only eleven men. This is not a mere clerical error in the transcript of the record certified to this Court; the omission exists in the original entry on the minutes of the Circuit Court of Tipton, as is admitted here.
We cannot presume, against the prisoner, that this *363 was merely an ■ omission of the clerk, in making up the minutes of the Court. This defect is not obviated by anything in the act of 1851-2.
The judgment will be reversed on both of the foregoing grounds.