STATE of Missouri, Respondent,

v.

Guy Farrington WRIGHT, Appellant.

No. 54654.

Supreme Court of Missouri,
Division No. 1.

June 8, 1970.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Willard B. Bunch, Kansas City, Chief Defender, of counsel.

HENLEY, Judge.

Guy Farrington Wright, having waived a jury, was tried before the court and found guilty of first degree robbery. He appeals from a judgment sentencing him

to imprisonment for a term of five years. We affirm.

Defendant Wright does not question the sufficiency of the evidence to support his conviction; hence, a brief statement of the facts will suffice. On September 15, 1967, near one o'clock, P.M., defendant and an armed companion entered Eddie Silk's Grocery and Market at 2917 East 34th Street, in Kansas City, Missouri. Defendant stopped at the entrance door and acted as a "look-out" while his companion, with a gun in his hand, took from Mr. Silk approximately $40 and money order blanks. This act completed, defendant and his companion left the store running. Mr. Silk grabbed his shotgun, ran after them, fired one shot, caught defendant, "marched him back" to the store at the point of the gun, and there delivered him to the custody of two waiting police officers. Defendant's companion escaped. The above is the state's evidence from the testimony of Eddie Silk. Defendant offered no evidence.

The sole issue presented on this appeal is whether the trial court erred in receiving in evidence a written confession made by defendant to a police officer while in custody at the police station. Defendant contends the court did so err, because, he says, the state failed to show that he was advised of all his rights as required by Miranda v. Arizona, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602, or, if he was so advised, that the state failed to show he knowingly and intelligently waived his privilege against self-incrimination and his right to counsel.

The first part of this contention is, more specifically, that the record shows only that the police officer read the "Miranda warning" to defendant, but does not show of what the "warning" consisted, and therefore, does not show that each and all of the four "warnings" delineated by *Miranda* were given.

Detective Sylvester Young of the Kansas City Police Department testified that he interrogated and took a written inculpatory statement from defendant at police headquarters late in the afternoon of September 15, 1967; that before interrogating defendant, he read to him the "Miranda warning" from a card carried by him and all other Kansas City police officers; that the "Miranda warning" was explained to defendant to the latter's satisfaction; that after this warning was read and explained, defendant said he did not want an attorney present during the interrogation, that " * * * he wanted to tell about it." Detective Young was not asked, nor did he state, during either direct or cross-examination, the words of the warning on the card from which he read to defendant. Nor was the card offered in evidence.

When this statement or confession was offered in evidence, defendant objected, not on the ground that the state had failed to show he was advised of each and all his rights as delineated by *Miranda,* as he now contends, but upon the ground that he was mentally incapable of knowingly and intelligently waiving his privilege against self-incrimination and his right to counsel. The court received the confession subject to the objection and, after hearing evidence as to defendant's mental condition, overruled the objection. The only assignment of error in defendant's motion for new trial relating to his objection to the admission of the confession is based on the allegation that the evidence shows " * * his mental capacity was insufficient to make an intelligent voluntary waiver."

▪ Defendant's contention, presented for the first time on appeal, that the confession was not admissible because the state failed to show of what the "warnings" consisted is not preserved for review. State v. Nolan, Mo., 423 S.W.2d 815, 817 [4].

▪ Defendant had an opportunity during cross-examination of Detective Young to inquire and determine whether or not before interrogation the officer had in fact warned him of each and all his rights

as required by *Miranda*. By failing to so inquire or to object to the admission of the confession on that ground he tacitly accepted the officer's conclusion that he had done so. In these circumstances, he is not now in a position to be heard to say that the officer's conclusion that he did do so was insufficient basis for admission of the confession in evidence.

The medical evidence on the issue of whether at the time of his confession defendant had sufficient mental capacity to knowingly and intelligently waive his privilege against self-incrimination and his right to counsel is that he was of less than normal intelligence, that he was a mild to moderate mental retardate, but that he was not suffering from a psychotic mental illness. It was the opinion of the medical examiners that although he was of below average intelligence of a thirty-three year old man, he demonstrated that his memory and insight were intact, and that he had the mental capacity to understand the role of the police in arresting and charging him, the charges facing him, and the role of those who would prosecute, defend and judge him.

The trial court considered this evidence and obviously found that although defendant was of less than normal intelligence this subnormality did not deprive him of the capacity to understand the meaning of his privileges and rights as explained to him by the officer and the meaning and effect of his confession. The evidence supports that finding and the court did not err in ruling that the confession was voluntary and, therefore, admissible.

The judgment is affirmed.

SEILER, P. J., and HOLMAN, J., concur.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.