CHARLES HENRY SHRADER, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error. —472 S.W.2d 916.

August 19, 1971.

Certiorari Denied by Supreme Court October 18, 1971.

Fred L. Myers, Newport, for plaintiff in error.

David M. Pack, Attorney General, Bart Durham, Assistant Attorney General, Nashville, H. F. Swann, District Attorney General, Dandridge, for defendant in error.

DWYER, J. Judgment was pronounced on the jury's verdict finding Charles Henry Shrader guilty of murder in the second degree with punishment of confinement for not more than ten years. Through privately-retained counsel he has seasonably perfected this appeal, with

assignments of error contending the judgment is not compatible with the law.

Lee Phillips, the deceased, was shot and killed in his home in the Top Hollow community of Cocke County on a Monday evening in April. The defendant, who had been drinking, took his father, who had also been drinking, to the home of the deceased, ostensibly for the father to buy some spirits. The record reflects that the defendant sent his father inside to tell his earlier in the day drinking companion to come out. When the companion came out a struggle ensued between the two, which terminated with defendant entering the home of the deceased. He contends that the deceased was threatening to assault his father. When he cautioned the deceased not to strike his father this caused deceased to advance on the defendant and, as he alleges, with a knife in his hand. The defendant pulled a pistol from his pocket, firing one time. The shot struck deceased causing his death. The defendant maintained a defense of self defense and the State's proof reflects that the defendant and his father both had been drinking, came to deceased's house and started trouble, with the decedent trying to maintain order. These conflicting theories developed by the witnesses for the State and for the defense have been resolved adversely to the defendant by the verdict of the jury. The actual shooting was not viewed by any of the witnesses, nor is there any proof other than the defendant's and his father's testimony that deceased had a knife in his hand and was advancing on the defendant. The state of affairs found in this record is not too unlike the facts developed in State v. Logan, 224 Tenn. 228, 453 S.W.2d 766, which teaches that conflicts of this kind and nature once settled by the

jury and approved by the trial judge settle the issue of whether the deceased was armed and defendant was acting in his own defense. We note further that defendant had consumed a quantity of whiskey during the day and, further, he had taken from a female the pistol used in the shooting and had it on his person and had earlier placed a shell in the chamber. We also note defendant was at deceased's home and had engaged in a fracas with one of the parties there. We further note defendant testified that his father was drunk. When a deadly weapon is used in the commission of a homicide, malice is presumed. See Gann v. State, 214 Tenn. 711, 721 S.W.2d 32. This presumption may be rebutted by the facts and circumstances found in the record. From our review of the record he has not repudiated that presumption. The jury, by its verdict, approved the theory of the State that defendant was drinking and mad when he went to the deceased's home. He indeed, in fact, admits to looking for his companion of earlier in the day and engaging in a fracas with him. We see no reason to disturb the jury's findings. The assignment pertaining to the sufficiency of the evidence is overruled.

■ ■ He next contends that the court erred in permitting the sheriff to testify to a confession made by the defendant over timely objection by the defendant. We note that for the first time ''specification'' of the objection is made in this court and that is, that the defendant was not advised as per *Miranda* of the right to remain silent. In other words, the contention is that this one of the four requisites, as required by *Miranda,* is absent in this record. At the trial and from a reading of the transcript, the objection was predicated on general grounds, that *Miranda* had not been complied with. There was no urging

by defense counsel as to what or where the admonition given by the sheriff did not meet the yardstick. As we view this record as an appellate court, the record must reflect that the evidence was objected to with an accompanying reason and a ruling by the trial court upon that objection. See Monteeth v. Caldwell, 26 Tenn. 13; Garner v. State ex rel. Askins, 37 Tenn.App. 510, 266 S.W.2d 358. In La Brasca v. Misterly, 9 Cir., 423 F.2d 708, 709, the following language may be found:

"* * * Petitioner was entitled to a hearing and independent determination by the state trial judge on the issue of the voluntariness of her admissions *only if she requested such a hearing and determination, or at least brought to the trial court's attention that she was objecting to the use of admissions on the ground that they were involuntary.*" (Emphasis added.)

In State v. Wright, Mo., 454 S.W.2d 575, the following may be found:

"Defendant had an opportunity during cross-examination of Detective Young to inquire and determine whether or not before interrogation the officer had in fact warned him of each and all his rights as required by *Miranda*. By failing to so inquire or to object to the admission of the confession on that ground he tacitly accepted the officer's conclusion that he had done so. In these circumstances, he is not now in a position to be heard to say that the officer's conclusion that he did so was insufficient basis for admission of the confession in evidence."

In United States v. Rizzo, 7 Cir., 418 F.2d 71, 78, the following may be found:

"Absent a record showing that plain and substantial error intervened, *failure to raise the specific objection to admissibility of the statement waived the issue on appeal.*" (Emphasis added.)

We hold defendant was under a duty to not only object but to make known to the court the reason in order to give the court an opportunity to delve into the contention. In other words, before he can be held to have committed error he must be afforded an opportunity to rule on the contention. The assignment is overruled.

■ He next contends that it was error to admit the confession as given to the T. B. I. agent in that it was tainted by the first confession given to the sheriff. We have held that the court did not err in allowing the sheriff to testify. The record reflects that the trial court, at the objection of the defendant, had a hearing outside the presence of the jury. The defendant contended (1) that the confession was tainted by the prior interrogation of the sheriff; and (2) that the defendant was in substance uneducated and did not know his constitutional rights. The trial court determined that the statement was voluntary and defendant had been advised in accordance with the *Miranda* ruling. We also note that he executed and signed a waiver form which is found in this record, which clearly delineates the *Miranda* warning. We see no reason to disturb this finding of the trial judge. The assignment is overruled.

■ He lastly contends that the minutes of the trial court affirmatively show that the defendant was convicted by a jury of thirteen members. The minutes do, from our view, affirmatively reflect such fact. Counsel for the defendant, in frank candor, at oral argument informed this court that the thirteenth juror had been excused prior to deliberations. Nevertheless, he is discharging with fidelity his obligation as counsel to his client when he invokes the protection accorded in Grooms v. State, 221 Tenn. 243, 426 S.W.2d 176, which was decided prior to the amendment to T.C.A. sec. 27-111, Chapter 475, P.A.1970. Motion for the utilization of T.C.A. sec. 27-111 as amended was made by the State to reach the question, over vigorous objection of counsel in this court. We have seen fit to grant the motion and the bill of exceptions, or that portion of the bill sought, reflects, as conceded, that the alternate juror was excused and did not participate in the deliberations. It is settled law that when there is a conflict in the minutes and the bill of exceptions the bill of exceptions controls. See Helton v. State, 195 Tenn. 36, 44, 255 S.W.2d 694. We hold therefore that the bill of exceptions, reflecting the certified portion sought and reached by the motion, reflects the discharge of the alternate juror.

The assignment being overruled the judgment of the trial court is affirmed.

Galbreath and Mitchell, JJ., concur.