John Ronald Blankenship, Leslie Norwood Carter, Jerry Lloyd McGill, Plaintiffs in Error.

*v.*

State of Tennessee, Defendant in Error.

410 S.W.2d. 159.

(*Jackson,* April Term, 1966.)

Opinion filed December 20, 1966.

356

Hugh W. Stanton, Jr., Memphis, for John Ronald Blankenship.

Cordell Hull Sloan, Memphis, for Leslie Norwood Carter and Jerry Lloyd McGill.

George F. McCanless, Attorney General, Edgar P. Calhoun, Assistant Attorney General, Nashville for defendant in error. Phil M. Canale, Jr., District At-

torney General, Memphis, prosecuted the case for the State in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Shelby County, Tennessee.

The parties will be referred to herein as they appeared in the trial court; that is, plaintiffs in error John Ronald Blankenship, Leslie Norwood Carter and Jerry Lloyd McGill as defendants, and defendant in error as the State.

On March 31, 1964, the defendants were indicted for robbery by the use of a deadly weapon.

On October 12, 1965, the defendants were tried and found guilty as charged in the indictment. Their punishment was fixed at twenty-five years in the State Penitentiary. Judgment was entered in accord with the jury's verdict. Motion for a new trial was timely made and overruled. Appeal has been perfected to this Court.

It is only necessary for this Court to consider one assignment of error, the point of which is raised by both counsel for Blankenship and counsel for Carter and McGill. The substance of this assignment may be fairly stated as it appears from the brief of the State:

"IV. The Court erred and violated both the State and Federal constitutional rights of defendant to a fair and impartial trial by not declaring a mistrial upon proper motion seasonably and duly made after the first witness for the state, Mr. Kane, made the statement that defense attorney told him in a private conversation while investigating the case that defendants had entered a guilty plea, but changed their minds and wanted a trial.

The Court refused to declare a mistrial, but charged the jury to not consider said statement indicating the Court recognized the fatal effect of said statement in the presence of the jury."

The question and answer referred to in this assignment of error appears in the record, as follows:

"Q. Now did Mr. Sloan tell you anything about the, these persons he represented, what they did?

A. The only thing, in other words, what I can remember what he said, when I said I didn't know what he would want me for because I understood, now you asked me the question, I understood that they pleaded guilty. He said they did but they had changed their minds."

The question in the previously quoted excerpt from the record was asked by the Assistant Attorney General. The trial judge, after a hearing out of the presence of the jury on motion for mistrial, ordered the jury not to con-

sider this testimony. However, it is argued by counsel for the defendants that the admission of this testimony required the trial judge to declare a mistrial, as it was prejudicial to the defendants, even though the jury was instructed to disregard it.

 It is the well settled law of this State that when incompetent proof, such as this certainly is, and is admitted to be by the State, is introduced before a jury, and the trial judge thereafter definitely withdrew it, as was done here, it is no cause for reversal, unless real doubt is raised as to whether the judicial warning against its consideration was effective. We here apply the rule of *Clarke v. State* (1966) 218 Tenn. 259, 402 S.W.2d 863, as follows:

> "This court has repeatedly held that where incompetent proof is introduced before a jury and the trial judge thereafter definitely withdraws it with proper instructions, it is no cause for reversal. *State v. Ray,* 104 Tenn. 33, 54 S.W. 978 (1900); *Colquit v. State,* 107 Tenn. 381, 64 S.W. 713 (1901); *Cooper v. State,* 210 Tenn. 63, 356 S.W.2d 405 (1962). A Federal court in *Looker v. United States,* 2 Cir., 240 F. 932 (1917), held:
>
>> It is only when evidence erroneously admitted in a criminal case is of such apparent weight and so prejudicial in effect that the judicial warning against it seems light and unavailing by comparison that the error remains uncured by striking it out.

(5) The question here for decision is whether this statement of the police officer, made before the jury, that defendant refused to take these tests was in fact prejudicial to defendant even though the trial judge

360

admonished them not to consider it. In 24B C.J.S. Criminal Law, sec 1915(2), p. 53, we find the following:

The erroneous admission of evidence, if it may have operated to the prejudice or harm of accused, or deprived him of a substantial right or a fair trial, necessitates a reversal of the conviction, where the record shows nothing which can fairly be said to cure the effect of such error. Whether error in the admission of evidence is prejudicial is gauged by the substance of the evidence, its relation to other evidence, and the peculiar facts and circumstances of the case, and whether such admission is sufficient ground for reversal depends on the facts in each case; and the appellate court will consider the record as a whole in determining the question of prejudice or reversibility. Doubts as to whether the erroneous admission of evidence was prejudicial should be resolved in favor of accused. Error in the reception of evidence is less likely to be regarded as harmless in a close case.

The fact that evidence other than that which was improperly admitted is sufficient to justify a conviction does not make the admission of the incompetent evidence harmless, since it cannot be said what weight the jury gave to the evidence in reaching their verdict. The reviewing court will reverse a conviction where it cannot say from the record that the evidence erroneously admitted was not prejudicial to accused, or that it did not affect, or contribute to, the verdict rendered.''

From the record and the briefs in this case, we find ourselves unable to say that the evidence erroneously

admitted was not prejudicial to the defendants. Neither can we say that it did not affect or contribute to the verdict rendered.

The judgment of the trial court is reversed and the case remanded for new trial.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.