**Joe Lewis GUNN and Ollie Gunn,
Plaintiffs in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

July 31, 1972.

Certiorari Denied by Supreme Court
Oct. 2, 1972.

Hugh W. Stanton, Memphis, for plaintiffs in error.

David M. Pack, Atty. Gen., and Robert H. Roberts, Asst. Atty. Gen., Nashville, Ewell C. Richardson and Wayne Emmons, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

DWYER, Judge.

Joe Lewis Gunn and Ollie Gunn, brothers and defendants at the trial, were convicted by a jury of committing the offense of murder in the second degree. Judgment on the verdict sentenced both to the penitentiary for not less than ten nor more than twenty years. Ollie Gunn was represented at the trial by retained counsel, Joe Lewis Gunn was represented by the public defender. After an indigency finding the public defender now represents both on this seasonably perfected appeal.

The facts reflect from our review of this record a not unusual situation in which the prosecution and defense versions of the factual events are diametrically opposed to each other. The jury by its verdict has accredited the theory of the State and has therefore resolved the credibility of the witnesses. When the trial court puts his stamp of approval on this verdict when he overrules the motion for a new trial, his judgment will not be disturbed here unless the evidence preponderates against the verdict and judgment. See Palmer v. State, Tenn.Cr.App., 475 S.W.2d 189, 193, 194; Hargrove v. State, 199 Tenn. 25, 28, 281 S.W.2d 692.

The deceased was about his work at his place of employment on May 27, 1971, at Flicka Sales Manufacturing Company located in the City of Memphis.

During the morning of the events Ollie Gunn chased a female into the Flicka plant work area. She had refused his request for the use of her car. They had come from the restaurant next door, where she

was an employee. During the confrontation in the Flicka shop area, an employee of the Flicka company interceded and pushed Ollie down, after Ollie had struck the intervening employee with a stick. Ollie left making threats he would return.

That afternoon Ollie, accompanied by his brother Joe Lewis, returned and entered the Flicka plant work area. At this time Ollie had a piece of two-by-two wood in his hands behind his back. Ollie walked up to the same employee who had intervened earlier and asked if he was ready to finish it or ready to get it over with, or words to that effect. Ollie then struck this employee. The proof further reflects that Joe Lewis armed himself with a two-by-four and started striking employees. Ollie struck the deceased and Joe Lewis also struck him after he was down. In a matter of minutes, of a peaceful working crew of six employees, four were on their way to the hospital as a result of the return of the brothers. According to Mrs. Joe Lewis Gunn, Joe Lewis came home with scratches on both arms and bruises on his back, and Ollie had a gash in one arm.

The deceased employee expired a month later without having regained consciousness. Multiple fractures of the skull were the proximate cause of death.

The brother Joe Lewis testified and related Ollie had asked him to go riding. When they stopped at the Flicka company Joe Lewis went in with Ollie to protect his brother while he was doing business with the dude (man). Their defense through this testimony was that of self defense. Ollie did not testify.

■ Defendants both contend the evidence is insufficient to support the verdict. We disagree. All homicides are considered malicious. See Clarke v. State, 218 Tenn. 259, 267, 402 S.W.2d 863; Harper v. State, 206 Tenn. 509, 515, 334 S.W.2d 933. The essential ingredient to constitute murder in the second degree is malice. Under the facts and circumstances in this record as outlined we find that malice. There is

sufficient proof from which the jury could infer that these two brothers entered this plant with a malignity of heart and spirit with an intention to do an unlawful act, from which this death ensued. See Gordon v. State, Tenn.Cr.App., 478 S.W.2d 911, 916. The assignments pertaining to the sufficiency of the evidence are over- · ruled.

■ Defendant Joe Lewis contends that the trial court erred in denying his motion for severance. The matter of severance is addressed to the sound discretion of the trial court. See Robinson v. State, 69 Tenn. 673, 674. The severance motion urges that the indictment alleges a capital offense and that therefore each accused is entitled to be tried alone. There is no merit in this contention. It may have been in this accused's interest to be tried alone, but the State has a right that joint offenders be tried together. See Woodruff v. State, 164 Tenn. 530, 539, 51 S.W.2d 843. Joe Lewis also argued that proof would be shown of the earlier assault by Ollie, at which Joe Lewis was not present. There is no merit in this. The court properly charged the jury as to the receipt of this evidence and that it was not to be considered against Joe Lewis. Joe Lewis further argued that statements of Ollie would be introduced. There is no error here. There was ample evidence independent of any codefendant's statement to establish the guilt of both.

■ Joe Lewis next contends that he would be prejudiced by being required to testify first. See T.C.A. 40–2403. It is true that the United States Supreme Court has invalidated this Tennessee statute requiring that a defendant if he desires to testify must do so before any other testimony for the defense is heard. See Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358, decided June 7, 1972. But, this action of the United States Supreme Court, if given retroactive application, would create the devastating impact of requiring dismissals or retrials of every

person now incarcerated by virtue of a trial proceeding under the now ineffective statute. Such retroactive application and results we cannot anticipate by higher courts nor sanction by this court. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

We find no abuse in the trial court's discretion in denying the motion for severance. The assignment is overruled.

Defendants next contend the court erred in commenting on a State's witness having the right not to talk to the public defender if he did not want to. If this was error it did not affect the results. See T.C.A. 27–117. The assignment is overruled.

Defendants further contend the court erred in allowing a State's witness to relate an opinion as to the demeanor of Ollie Gunn at the time shortly preceding the assault. The Court overruled the objection but later in the examination instructed the jury not to consider the opinion testimony. This evidence was not of such weight so as to make the court's instructions to the jury to disregard to be without effect and unavailing. See Blankenship v. State, 219 Tenn. 355, 410 S.W.2d 159, 161. The assignment is overruled.

Defendants also assert that it was error for the court not to charge the jury that the witnesses for the State would not talk to the investigator for the public defender and therefore this shows the witnesses' partiality. We find no merit in this assignment. From the record it appears that no one in authority had instructed the witness not to be interviewed. The court's charge on how to evaluate and test the credibility of witnesses was full, complete and adequate. See Bostick v. State, 210 Tenn. 620, 630, 360 S.W.2d 472. The assignment is overruled.

Defendants next contend it was error for the State to ask Joe Lewis Gunn on cross examination if the State witness who was a man of the Gospel for forty years was incorrect. We find no merit in this assignment. The proof developed the witness was a man of the Gospel. The assignment is overruled.

Defendants lastly contend that the court erred in denying their request for additional instructions on self defense. It is not error for the trial court to deny special requests when his charge fully covers the law. See Bostick v. State, supra. The instructions given by the court are in full compliance with self defense as mandated by our Supreme Court. See Rippy v. State, 39 Tenn. 217, 219, 220. The assignment is overruled.

The judgments of the trial court are affirmed.

RUSSELL and O'BRIEN, JJ., concur.