Ollie GUNN and Joe L. Gunn,
Plaintiffs in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Feb. 27, 1974.

Certiorari Denied by Supreme Court
May 6, 1974.

Hugh W. Stanton, Jr., Memphis, for plaintiffs in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Thomas F. Graves, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

GALBREATH, Judge.

The trial court dismissed without an evidentiary hearing the petition filed by the plaintiffs in error seeking post conviction relief and voidance of their murder convictions predicated on allegations that they were denied justice because they were convicted in a joint trial of second degree murder in which the proof revealed the homicide was accomplished by means of a stick for which only one of them could have been guilty of striking the fatal blow.

Not only were the results of the trial made the subject of a direct appeal decided adversely to the petitioners and in which the issues sought to be raised in this proceeding were litigated (see Gunn v. State, Tenn.Cr.App., 487 S.W.2d 666), but at the time the instant petition was filed both petitioners had pending in our Court appeals from the dismissal of separate petitions seeking post conviction relief filed in October and December, 1972, respectively, later affirmed here. See Gunn v. State, Shelby # 4 and Gunn v. State, Shelby # 5, Jackson, October, 1973.

Nothing in the petition in this case sets out any factual basis giving rise

to a constitutional issue. It is only if such a fundamental ground is alleged to be available that there is any basis for the filing and determination of a petition seeking post conviction nullification of a final judgment of conviction. See T.C.A. § 40–3805.

Not only is the petition in this case found to be completely without merit, it strongly appears that the judicial processes of this State are being trifled with by the filing of obviously frivolous, vexatious and groundless litigation. While we would never discourage any prisoner from bringing promptly to the court's attention any serious charge of constitutional infringement, such filings should always be made with due respect for truth and responsibility. The Clerk is directed to forward copies of this opinion to the Board of Probation and Paroles for inclusion in the records of the petitioners.

Affirmed.

OLIVER and MITCHELL, JJ., concur.