Charles Lockhart NASH, Jr., Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Jan. 15, 1975.

Certiorari Denied by Supreme Court May 12, 1975.

Richard R. Ruth, Jr., and Michael E. Lundy, Chattanooga, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., William C. Koch, Jr., Etrula R. Trotter, Asst. Attys. Gen., Nashville, Robert J. Batson, Stanley J. Lanzo, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

O'BRIEN, Judge.

Appeal in error from judgment on a jury verdict finding defendant guilty of taking and using an automobile without the owner's consent and fixing his sentence at not less than one year nor more than three years in the State Penitentiary.

The first two assignments of error charge the trial court erred in invoking the rule of sequestration of witnesses on request of the State subsequent to receiving testimony from the State's first witness; and in allowing the testimony of a second State witness upon a showing that he had conferred with the attorney general and the original witness outside the court room.

■■ The record in this case unmistakably shows the State introduced the testimony of only two witnesses. The second of these witnesses was not present in the court room during the testimony of the first. Defendant's witnesses were removed from the court room upon the State's request for the rule after the direct examination of the first witness. Defendant's witnesses had the advantage of having heard the testimony of this witness prior to the rule being invoked. Defendant has failed to show he was prejudiced in any manner or that there was any abuse of discretion on the part of the trial judge in invoking the rule as he did. *McCravey v. State*, 2 Tenn.Cr.App. 473, 455 S.W.2d 174. Insofar as the testimony of the second witness, Detective Frank Newson, is concerned, upon objection to the admission of his testimony by defense counsel, the trial judge investigated to determine the nature of the conversation

between this witness and the State's counsel. He did not find any prejudice incurred by defendant, the objection was overruled and the witness was allowed to testify. We agree with the action of the trial judge in both instances and the assignments are overruled.

■ Defendant says he was unfairly prejudiced due to remarks made by the attorney general to the effect that the defense witness Omenys West had been placed under arrest for the offense of armed robbery.

On cross-examination of this defense witness he was asked by the State's attorney if he had not been arrested for armed robbery. Prompt objection was made and sustained before the question was answered. Defense counsel moved for a mistrial. The jury was excused and after a lengthy discussion among court and respective counsel the court ruled the question was objectionable and on request of defense counsel the jury was instructed to disregard the question of the attorney general. In *Blankenship v. State*, 219 Tenn. 355, 410 S.W.2d 159, the Supreme Court restated the rule on a question of this nature as follows:

"It is only when evidence erroneously admitted in a criminal case is of such apparent weight and so prejudicial in effect that the judicial warning against it seems light and unavailing by comparison that the error remains uncured by striking it out."

Extensive authority for the rule is cited in Blankenship, supra, and we conclude that the facts of this case bring it within the scope of this rule. The assignment cannot be sustained.

It is contended the verdict was unsupported by the evidence presented at trial.

■ The State's proof was positive that the vehicle found to be in defendant's possession had been previously stolen. When he was observed driving the vehicle he engaged in evasive tactics in an apparent ef-

fort to avoid apprehension which resulted in damage to several other vehicles as well as the one operated by defendant. The State's further proof was that the vehicle had been hot wired, although this issue was controverted by defendant's proof. There is no doubt that this evidence was sufficient to warrant the verdict of the jury and the assignment is overruled.

The final assignment contends the court erred in granting the State's motion to fix the sentence in this case to run consecutively to the sentence in case no. 124838, which was an earlier conviction. This assignment must be sustained.

In this case and in case no. 124838, petitioner's guilty pleas were accepted by an order entered on September 7, 1973. The sentence in this case (No. 125131) was fixed to begin at the expiration of the sentence in case no. 128829. The sentence in case no. 124838 was fixed to begin at the expiration of the sentence in case no. 124829. We assume that the difference between the numbers in the sentence to be served first in each of the judgments is the result of a typographical error. There is no special judgment in either of the sentences under consideration to the effect that either was to be cumulative of the other. In such a case it is the law that they shall be construed to run concurrently. *Howe, Sheriff v. State ex rel. Pyne*, 170 Tenn. 571, 98 S.W.2d 93; *State ex rel. York v. Russell*, 180 Tenn. 515, 176 S.W.2d 820.

On October 5, 1973, less than thirty days after the judgment on the guilty plea, in response to defendant's motion it was ordered that the judgments be set aside and the defendant allowed to withdraw his guilty pleas.

On February 5, 1974, after the jury trial on a not guilty plea in this case, the trial court sustained the State's motion to have the sentences in case nos. 125131 and 124838 run consecutively. A special order was filed on April 3, 1974, setting forth the court's reasons for the unquestionably enhanced punishment.

This case is controlled by our Supreme Court ruling in *Williams v. State*, Tenn., 503 S.W.2d 109, citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, as follows:

"A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources."

". . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

While the special order in this case includes the explanation of the learned trial judge for fixing the sentences of defendant to run consecutively, the reasons set forth in said order do not meet the criteria of North Carolina v. Pearce, supra, and therefore, we modify the judgment in this case to fix the sentence herein to run concurrently with the sentence of the trial court in case no. 124838. In all else, the judgment of the trial court is affirmed.

WALKER, P. J., and DWYER, J., concur.