Donnie WHEELER, Jr. and Johnny Lewis
Carter, Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Feb. 26, 1976.

Certiorari Denied by Supreme Court
July 26, 1976.

Robert S. Peters, Winchester, for Wheeler.

J. Harvey Cameron, South Pittsburg, for Carter.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, Robert J. Leiderman, Asst. Dist. Atty. Gen., Jasper, for defendant in error.

O'BRIEN, Judge.

OPINION

This cause was originally heard at the September, 1974 term at Nashville. In an opinion filed on March 25th, 1975, a majority of this court found that the minutes of the trial court affirmatively indicated that the plaintiffs in error were convicted by a jury of 13 members. The case was reversed under the authority of *Grooms et al. v. State*, 221 Tenn. 243, 426 S.W.2d 176.

Certiorari was granted by the Supreme Court on August 25th, 1975, and pursuant to T.C.A. Sec. 16–452, as amended by Chapter 77, Sec. 1, Public Acts, 1975, the case was remanded to the trial court of Marion County to determine, as a factual issue, whether the alternate juror, Jerry Morrison, participated in the deliberations and verdict of the jury entered on August 31st, 1973. The Supreme Court ruled that on a determination of this issue the record and the ruling of the trial judge should be authenticated and certified to this court for review, whereupon the opinion of this court and the trial record should be certified to the Supreme Court for final determination of all issues in the case.

We now have before us the original record, together with the briefs and assign-

ments of error of counsel, and the findings of fact and certification of record of the trial judge on the factual issue of whether the alternate juror participated in the deliberation and verdict of the jury entered in the case.

It is now clear that on conclusion of the first day of trial a female juror on the panel, Mrs. Charlsie Fitzgerald, was excused for good cause, and was replaced on the panel by the alternate juror, Jerry Morrison. The minutes of the trial court reciting the verdict and judgment are in error insofar as they indicate that the juror, Mrs. Charlsie Fitzgerald, participated in the deliberations and the verdict of the jury. We now proceed to the merits of the case.

The first two assignments for each defendant attack the preponderance and legal sufficiency of the evidence to sustain the jury verdict.

The home of Joe Ware in the Midway Community of South Pittsburg, Marion County, Tennessee, was entered on the night of April 2nd, 1973, by two men who severely beat Mr. and Mrs. Ware in the presence of other members of the family and escaped after stealing in excess of two thousand dollars ($2,000.00). A bullet was fired into the kitchen ceiling, another through a window in the bedroom, narrowly missing Mrs. Margaret White, a daughter of the Wares. A third shot was fired into the mattress on the bed in an apparent attempt to hit Mr. Ware who had crawled under the bed to escape the beating being administered by the robbers. Carter was identified by Mrs. Ware, and both Wheeler and Carter were positively identified by Margaret White as the robbers. The fingerprints of both men were found on drinking glasses and a soft drink bottle left in the kitchen. Defendants interposed an alibi defense. Wheeler offered the testimony of witnesses who said he was in Johnson City on the night of the robbery. Carter's witnesses placed him in Chattanooga at the time. The jury rejected the testimony of the alibi witnesses. The State's evidence was adequate to warrant the verdict of the jury. The assignments are overruled.

The third assignment for Wheeler and the fifth for Carter say it was error to deny a mistrial when Mrs. Joe Ware on cross-examination, exclaimed that the defendants had killed her husband.

The record shows irrefutably that Mr. Ware died shortly prior to trial from natural causes. This fact was stipulated by the State's attorney for the benefit of the jury. From the record, it is obvious that the statement by Mrs. Ware was spontaneous and unresponsive to the cross-examination. The trial judge carefully instructed the jury not to consider the statement, after which the jury was polled. Each member of the jury assured the court they would not be influenced by the statement of the witness. Whether error in admission of evidence is prejudicial is gauged by the substance of the evidence, its relation to other evidence, and peculiar facts and circumstances of each case. Where it cannot be said from the record that evidence erroneously admitted was not prejudicial to the accused, or that it did not affect, or contribute to the verdict rendered, the reviewing court will reverse. Under the facts of this case, we do not find the comment of Mrs. Ware to be more than harmless error. T.C.A. Sec. 27–117. We overrule the assignments. *Blankenship v. State*, 219 Tenn. 355, 410 S.W.2d 159.

The fourth and fifth assignments for Wheeler and the sixth and seventh for Carter complain of admission of the testimony of the robbery victim, Joe Ware, taken at a preliminary hearing. It is said that the testimony was inadmissible, but if admitted at all it should have been admitted in unedited form.

Wheeler was apprehended within a few days after the robbery. Carter was not arrested until June 7th, 1973. A preliminary hearing was held on April 21st, at which Mr. Ware testified. Mr. Ware died on August 4th, 1973, about three weeks before the trial. At the preliminary hearing, Wheeler was represented by counsel. When the State offered the transcript of Mr. Ware's testimony from the preliminary

hearing, the trial judge held an extensive out of jury hearing to determine its admissibility, after which it was ruled that the transcript of the testimony would be admissible subject to deletion of all references to the defendant, Carter.

We have carefully read the preliminary hearing testimony of Mr. Joe Ware admitted into evidence, as well as the unedited transcript which has been included as an exhibit. This testimony was certainly admissible as to Wheeler. *Somerville v. State*, 483 S.W.2d 757 (Tenn.Cr.App.1972). Also see *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255. The transcript shows that almost the entire testimony of Mr. Ware at the preliminary hearing was devoted to cross-examination. The trial judge in this case exercised extreme caution in deleting any reference to Carter from the transcript. We do not find error here. Having read the edited edition admitted into the record, we do not find prejudice to either defendant, and overrule the assignments.

■ The sixth assignment for Wheeler and the eighth for Carter charge prejudice, passion and caprice to the jury because their deliberation required only eleven minutes.

After hearing all of the evidence, which indicated a particularly brutal robbery was consummated by defendants, who were positively identified as the perpetrators, the jury was adequately and properly instructed by the trial court on all the elements of the offense, as well as on punishment. We do not find that the length of time required by the jury for their deliberations indicated any improper action on their part. The assignments are overruled.

Each defendant claims it was error to deny a mistrial when it appeared that the jury became separated after hearing all of the evidence in the case.

■ This assignment of error was not incorporated in the motion for new trial and therefor is not a proper subject for consideration. *Wilkerson v. State*, 208 Tenn. 666, 348 S.W.2d 314; *Kirby v. State*, 214 Tenn. 296, 379 S.W.2d 780. Nonethe-

less, we do not find reversible error on this issue. On the second day of trial, at the conclusion of all the evidence, the jury was excused for lunch prior to summation by counsel. The jury left the court room and descended the stairs to the lower floor. One of the members of the jury returned to the court room to request transportation. He was followed up the stairs by three men who had business in the clerk's office. The trial judge conducted a hearing and determined this was the extent of the separation. There had been no communication with the juror. It was proper that this matter be called to the attention of the trial court, however, we reviewed this issue extensively in *Wade v. State*, 524 S.W.2d 497 (Tenn.Cr.App.1975), and as we said there, in the absence of the showing of prejudice in the separation of the jury such separation must be held harmless error.

The eighth assignment for Wheeler and the third assignment for Carter, allege error in denying a motion to quash the jury panel on the ground that the representation of black persons on the jury was inadequate.

The trial court held an out of jury hearing on this issue. The evidence was that two of the thirty-eight jurors were black among the panel from which the trial jury was drawn. One other black person had not responded to a subpoena.

■ There is no constitutional guarantee that a person must be tried by a jury wholly or partially composed of persons of his own race. *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. There is absolutely no evidence in this record that this jury was composed of members from which a certain race, class, or group had been systematically and schematically excluded. The purposeful discrimination may not be assumed, it must be proved. *Johnson v. State*, 3 Tenn.Cr.App. 17, 456 S.W.2d 864. The assignments are overruled.

Defendants contend they were prejudiced when the State exercised peremptory challenges and discharged the only two black jurors on the panel.

As we said in *Johnson v. State, supra,* there is no precedent for holding that the State cannot exercise its allotted challenges with unbridled discretion, nor does the fact that one of these defendants was black and the other white provide such a precedent in this case.

Carter makes one additional assignment in which he claims prejudice in not being allowed to introduce evidence that he did not participate in an escape which occurred while he was being held prisoner pending trial. There is no validity to this assignment which is overruled.

The judgment of the trial court is affirmed. The clerk is directed to certify this record to the Supreme Court in accordance with the Order granting the petition for certiorari.

WALKER, P. J., concurs.

OLIVER, J., did not participate in consideration of this case on remand.