**Dallas DREW, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 6, 1979.

Permission to Appeal Denied by Supreme Court Sept. 17, 1979.

John L. Norris and Robert T. McGowan, Asst. Public Defenders, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Roger T. May and J. P. Apel, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

A two count indictment was returned against defendant charging him with kidnapping and armed robbery. The case was submitted to the jury on the armed robbery charge. Defendant was found guilty of simple robbery with his sentence fixed at not less than ten (10) nor more than fifteen (15) years in the penitentiary.

We have considered the two assignments of error submitted on this appeal and affirm the judgment of the trial court.

Defendant says first the trial court erred in denying his motion to strike the jury panel. It is contended that the State's use of peremptory challenges to systematically exclude blacks from the jury panel violated defendant's right to equal protection of the law and his right to a jury representing a cross-section of the community.

Several authorities are cited, both from this State and on a federal level to sustain this contention. We have concluded that reliance on these cases is misplaced. Defendant concedes that judicial precedent is against his theory on this issue. There is no doubt that the United States Supreme Court case of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and our own cases of *Johnson v. State,* 3 Tenn. Cr.App. 17, 456 S.W.2d 864 (1970); and *Wheeler v. State,* 539 S.W.2d 812, (Tenn.Cr. App.1976) are controlling. After exploring the nature, purpose, history and desirability of the continued use and need for peremptory challenges in criminal cases the *Swain* court had this to say:

> ". . . In the quest for an impartial and qualified jury, Negro and white, Protestant and Catholic, are alike subject

to being challenged without cause. To subject the prosecutor's challenge in any particular case to the demands and traditional standards of the Equal Protection Clause would entail a radical change in the nature and operation of the challenge. The challenge, *pro tanto*, would no longer be peremptory, each and every challenge being open to examination, either at the time of the challenge or at a hearing afterwards. The prosecutor's judgment underlying each challenge would be subject to scrutiny for reasonableness and sincerity. And a great many uses of the challenge would be banned.

In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it. Hence the motion to strike the trial jury was properly denied in this case."

In the light of our own statement in *Johnson v. State*, supra, cited in *Wheeler*, to the effect that, "there is no precedent for holding that the State cannot exercise its allotted challenges with unbridled discretion," we are constrained to add this additional word of caution from the *Swain* case to be found at page 837 of Volume 85 of the Supreme Court Reporter:

". . . We have decided that it is permissible to insulate from inquiry the removal of Negroes from a particular jury on the assumption that the prosecutor is acting on acceptable considerations related to the case he is trying, the particular defendant involved and the particular crime charged. But when the prosecutor in a county, in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be, is responsible for the removal of Negroes who have been selected as qualified jurors by the jury commissioners and who have survived challenges for cause, with the result that no Negroes ever serve on petit juries, the Fourteenth Amendment claim takes on added significance. Cf. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220. In these circumstances, giving even the widest leeway to the operation of irrational but trial-related suspicions and antagonisms, it would appear that the purpose of the peremptory challenge are being perverted. (sic) If the State has not seen fit to leave a single Negro on any jury in a criminal case, the presumption protecting the prosecutor may well be overcome. Such proof might support a reasonable inference that Negroes are excluded from juries for reasons wholly unrelated to the outcome of the particular case on trial and that the peremptory system is being used to deny the Negro the same right and opportunity to participate in the administration of justice enjoyed by the white population. These ends the peremptory challenge is not designed to facilitate or justify."

We do not find a constitutional violation in this case.

Defendant claims that the trial court erred in showing police photographs of defendant to the jury over his objections.

This assignment is not sustained by the record. The subject photographs were shown to the victim in this case and to a police officer witness. After the issue of identity of the defendant was determined in the trial court the pictures were withdrawn from evidence although retained as an exhibit for appellate review. They were not tendered to the jury for their examination.

We overrule the assignments and affirm the judgment of the trial court.

WALKER and DUNCAN, JJ., concur.