STATE of Tennessee

v.

Sam Calvin SCRUGGS.

Supreme Court of Tennessee.

Oct. 29, 1979.

Rehearing Denied Dec. 3, 1979.

Wayne B. Glasgow, Jr., Franklin, for petitioner.

Charles L. Lewis, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for respondent.

## OPINION

COOPER, Justice.

Petitioner, Sam Calvin Scruggs, was convicted of the armed robbery of Jimmy Lawrence and was sentenced to a term of twenty-five years in the penitentiary. The Court of Criminal Appeals affirmed the conviction. In doing so, they held that any adverse effect resulting from a statement by a juror on voir dire that he had been petitioner's probation officer was overcome by cautionary instructions and, if not, the statement was harmless error in view of the overwhelming evidence of petitioner's guilt. We granted certiorari to review this holding.

The record shows that prior to the selection of the jury, the trial judge made a preliminary statement informing the prospective jurors in general terms of relevant facts that led to petitioner's indictment for robbery. Unfortunately, he informed them of a crime different from that with which the petitioner was charged. On having the error called to his attention, the trial judge twice told the jury to "disregard" the incorrect recitation:

> In any event—And I do mean disregard that, because I don't know where I got that earlier. But that has nothing to do with this prosecutor or this defendant, so—I do—I hear a lot of cases, and I get them confused from time to time.

In the absence of the prospective jurors, defense counsel moved to strike the jury panel on the ground that the remarks of the trial judge implicitly linked the petitioner to a crime other than the one for which he was being tried. The motion was denied.

The voir dire examination was then conducted by counsel for petitioner and for the State. Several jurors had been examined and seated, when Mr. John C. Owen was called from the panel to replace a juror who had been excused. The trial judge undertook to qualify Mr. Owen as a juror and asked him if he knew either petitioner or the victim. The following colloquy took place:

MR. OWEN: I know Sam Calvin Scruggs.

THE COURT: And in what connection do you know him, and how well do you know him?

MR. OWEN: Well, I'm a probation officer, and I had him under my supervision at one time.

THE COURT: Well, you—If you know him in that connection, you're excused.

Defense counsel, outside the presence of the jury, moved for a dismissal of the panel or, in the alternative, for a mistrial. The trial judge denied the motion. On his return to the courtroom, the trial judge gave a lengthy cautionary charge to the jury instructing them that they must not consider a defendant's past, and asking them to let him know if they believed they could not disregard testimony of such a nature, if instructed to do so.

The only specific reference to Owens' statement in the cautionary instructions, is the following:

Now, a defendant doesn't come into Court with any presumptions one way or another about his character, or about his past history of what he's done—whether it's involved—whether he went to Sunday School or not on the plus side, or whether he may have been involved in some unlawful activity. Those matters simply cannot be considered by the jury one way or the other as in any way affecting the presumption of innocence, or as in any way lessening the burden of the State to prove its case. They're—Whatever inference that might be drawn—and I would say that you really can't draw any inference, particularly from the slight interchange that was had between the Court and the last prospective juror who has been excused.

The Court of Criminal Appeals held that the limiting instructions following each of the above incidents cured any error; moreover, the Court found that any error would have been harmless in view of the overwhelming evidence of guilt in this case, citing T.C.A. § 27–117, and *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (error must be harmless "beyond a reasonable doubt.")

Numerous cases have been cited to us where the court has considered the effect of cautionary instructions to jurors relative to the consideration of incompetent evidence. These cases are of little value since they merely represent factual applications of the long-established rule that limiting instructions can cure an error in the trial of a case, even one involving reference by a witness to a prior crime in which the defendant was involved, unless real doubt is raised by circumstances as to whether the cautionary instruction was effective. *See Blankenship v. State*, 219 Tenn. 355, 410 S.W.2d 159 (1966), wherein it is pointed out on pages 160–161, that:

It is well settled law of this State that when competent proof, such as this certainly is, and is admitted to be by the State, is introduced before a jury, and the trial judge thereafter definitely withdrew it, as was done here, it is no cause for reversal, unless real doubt is raised as to whether the judicial warning against its consideration was effective.

*See also Colquit v. State*, 107 Tenn. 381, 64 S.W. 713 (1901); *Irvine v. State*, 104 Tenn. 132, 56 S.W. 845 (1900).

The Court in *Blankenship* also cited with approval 24B C.J.S. *Criminal Law* § 1915(2) (1962), in which it was said:

Doubts as to whether the erroneous admission of evidence was prejudicial should be resolved in favor of accused. Error in the reception of evidence is less likely to be regarded as harmless in a close case.

The fact that evidence other than that which was improperly admitted is sufficient to justify a conviction does not make the admission of the incompetent evidence harmless, since it cannot be said what weight the jury gave to the evidence in reaching their verdict. The reviewing court will reverse a conviction where it cannot say from the record that the evidence erroneously admitted was not prejudicial to accused, or that it did not affect or contribute to, the verdict rendered.

In this case the evidence of petitioner's guilt of the armed robbery of Jimmy Law-

rence was overwhelming. The description of the robber given the police by the victim was detailed and fit the petitioner "like a glove." Further, the victim identified the petitioner in a lineup and at the trial. Also, there is evidence that placed the "black and white" cadillac used in the robbery in petitioner's possession at the time the robbery occurred. However, this strong evidence of guilt does not ipso facto mean that petitioner was not prejudiced by the statement of the prospective juror, Mr. Owens. The range of punishment on conviction of armed robbery is ten years to life. Petitioner's term was fixed by the jury at twenty-five years, two and one-half times the minimum sentence. One possible basis for the severity of the punishment was the knowledge of the jurors that petitioner had been shown leniency on conviction of an earlier criminal offense. It would be a logical reaction on the part of the jurors and a reaction which we can not say beyond a reasonable doubt was overcome by instructions from the trial judge that they not consider for any purpose the information they had concerning petitioner's past criminal activities.

The judgment of conviction is reversed and the case is remanded to the Criminal Court of Williamson County for a new trial.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.