IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 23, 2018 Session

**VALLAREE GOODWIN v. KEBEDE G. HANEBIS**

**Appeal from the Circuit Court for Davidson County**
**No. 15C3351 Joseph P. Binkley, Jr., Judge**

_____

**No. M2017-01689-COA-R3-CV**

_____

This is an appeal from a judgment entered on a jury verdict. The case arises from a motor vehicle accident. The jury returned a verdict in favor of Appellee, and the trial court entered a final judgment for $68,995.02. Because the trial court erred in excluding relevant medical records, we reverse the judgment and remand for a new jury trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and ARNOLD B. GOLDIN, J., joined.

Nathan E. Shelby and Jennifer Vallor Ivy, Nashville, Tennessee, for the appellant, Kebede G. Hanebis.

Susan Neal Williams, Nashville, Tennessee, for the appellee, Vallaree Goodwin.

**OPINION**

**I.      Background**

In September 2015, Valleree Goodwin ("Appellee") filed a lawsuit against Kebede Hanabis ("Appellant"). The complaint alleged that Appellant was negligent in operating his minivan and caused an accident resulting in injuries to Ms. Goodwin. The case ultimately proceeded to trial before a jury. The jury returned a verdict in favor of Appellee totaling $70,000. The jury awarded the following damages:

| | |
|---|---|
| Medical Expenses | $12,180.56 |
| Lost Wages | $10,234.03 |
| Physical Pain & Mental Suffering – Past | $18,414.59 |
| Physical Pain & Mental Suffering – Future | $5,000.00 |
| Permanent Injury | $10,000.00 |
| Loss of Enjoyment of Life – Past | $10,000.00 |
| Loss of Enjoyment of Life – Future | $20,000.00 |

The trial court granted a remittitur of $1,004.98 because the jury's award for medical expenses exceeded the amount entered into evidence at trial. On May 11, 2017, the trial court entered a final judgment in favor of Appellee for $68,995.02. The trial court denied Appellant's motion for a new trial by order of August 1, 2017.[1] Appellant appeals.

## II. Issues

Appellant raises twelve issues for review as stated in his brief:

1. Whether a new trial is warranted based on the jury's awards to Goodwin for permanent injury without competent medical testimony to establish permanency.

2. Whether a new trial is warranted based on the jury's awards to Goodwin for future pain and suffering without competent medical testimony to establish permanency.

3. Whether a new trial is warranted based on the jury's awards to Goodwin for future loss of enjoyment of life without competent medical testimony to establish permanency.

4. Whether a new trial is warranted based on the trial court excluding Goodwin's medical records that contained evidence of injuries she suffered prior to the accident at issue.

5. Whether a new trial is warranted based on the trial court excluding testimony concerning Goodwin's pre-accident MRI.

6. Whether a new trial is warranted based on the trial court admitting Goodwin's post-accident MRI results without proper authentication.

7. Whether a new trial is warranted based on the trial court excluding testimony from Dr. Clendenin regarding the reasonableness of medical expenses he charged.

---

[1] As required by Tenn. R. App. P., Rule 3(e), Appellants motion for a new trial raised all the issues raised in this appeal.

8. Whether a new trial is warranted based on the trial court permitted [sic] Goodwin to impeach Hanebis with evidence of prior traffic citations.

9. Whether a new trial is warranted based on the trial court admitting photographs of Hanebis's vehicle after the repair shop had already removed the vehicle's bumper.

10. Whether a new trial is warranted based on the trial court instructing the jury.

11. Whether a new trial is warranted based on the excessive verdict awarded to Goodwin for her lost wages or, in the alternative, whether the verdict should be decreased to reflect the evidence submitted at trial.

12. Whether a new trial is warranted based on the cumulative effect of all of the aforementioned errors.

## III. Standard of Review

The standard of review when examining a jury verdict approved by the trial court is whether there is any material evidence to support the verdict. Tenn. R. App. P. 13(d); *Cooper v. Tabb*, 347 S.W.3d 207, 217 (Tenn. Ct. App. 2010). To determine if material evidence supports the jury's verdict, the appellate court shall: "(1) take the strongest legitimate view of all the evidence in favor of the verdict; (2) assume the truth of all evidence that supports the verdict; (3) allow all reasonable inferences to sustain the verdict; and (4) discard all [countervailing] evidence." *Barnes v. Goodyear Tire & Rubber Co.,* 48 S.W.3d 698, 704 (Tenn. 2000) (citing *Crabtree Masonry Co., Inc. v. C & R Constr., Inc.,* 575 S.W.2d 4, 5 (Tenn. 1978)).

## IV. Admission and Exclusion of Evidence

Many of Appellant's issues concern the trial court's admission or exclusion of medical evidence. The admissibility of evidence is within the trial court's sound discretion, and we review the trial court's decision to admit or exclude evidence by an abuse of discretion standard. *Mercer v. Vanderbilt Univ., Inc.,* 134 S.W.3d 121, 131 (Tenn. 2004); *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 442 (Tenn. 1992); *see* Tenn. R. Evid. 401. Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright,* 337 S.W.3d 166, 176 (Tenn. 2011); *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001). Rather, a reviewing court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp.*

*Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *see also **Lee Med., Inc. v. Beecher,*** 312 S.W.3d 515, 524 (Tenn. 2010). A party is entitled to reversal of the jury's verdict only if the trial court's error would have "more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b); ***Flax v. DaimlerChrysler Corp.,*** 272 S.W.3d 521, 544 (Tenn. 2008); ***Cumulus Broad., Inc. v. Shim,*** 226 S.W.3d 366, 375 (Tenn. 2007).

On January 27, 2017, Appellee filed a motion in *limine* to exclude Appellee's prior medical records from Greenview Medical Group and Bowling Green Medical Clinic. In her motion, Appellee argued that Appellant intended to use her prior medical records to show that Appellee received medical treatment prior to the accident for pain and injuries she alleged were caused by the accident. Appellee further argued in her motion that Appellant "clearly wishes to introduce these records to argue that [Appellee] had preexisting conditions that caused the injuries complained of in this lawsuit."

On February 23, 2017, the trial court granted Appellee's motion in *limine*. The trial court excluded the records of Greenview Medical Group and Bowling Green Medical Clinic, finding that "expert proof is required to prove causation." Additionally, the trial court prohibited Appellant from disclosing at trial, where Appellee was "treated for these pre-existing conditions," but allowed Appellant to inquire whether Appellee received medical treatment prior to the accident.

On appeal, Appellant argues that the trial court erred in excluding the foregoing medical records. Specifically, Appellant contends that the medical records were admissible under Tennessee Code Annotated section 24-7-122, which provides, in relevant part:

(b) Medical records or reproductions of medical records, when duly certified by their custodian, physician, physical therapist or chiropractor, need not be identified at the trial and *may be used in any manner* in which records identified at the trial by these persons could be used. The records shall be accompanied by a statement signed by the person containing the following information:

(1) The person has authority to certify the records;
(2) The copy is a true copy of all the records described in the subpoena; and
(3) The records were prepared by the personnel of the company acting under the control of the company, in the ordinary course of business.

(c) When records or reproductions of records are used at trial pursuant to this section, the party desiring to use the records or reproductions in

evidence shall serve the opposing party with a copy of the records or reproductions no later than sixty (60) days before the trial, with notice that the records or reproductions may be offered in evidence, notwithstanding any other rules or statutes to the contrary.

Tenn. Code Ann. § 24-7-122 (emphasis added). Citing this statute, Appellant filed a motion asking the trial court to reconsider its decision to exclude certain medical records. By order of April 26, 2017, the trial court denied the motion, stating that the records could be allowed only if the records "have been produced in conjunction with an affidavit that complies with the requirements of Rule 902 (11)" of the Tennessee Rules of Evidence. The trial court concluded that "the affidavits presented with the Bowling Green Medical Clinic records and the Summit Medical Center Records do not comply with the requirements of Rule 902 (11), Tenn. R. Evid. Accordingly, those records are prohibited from being introduced in their entirety."[2] The order further prohibited the entry of any medical records that were "cumulative of other admitted testimony or evidence" and ordered that, before attempting to introduce such records, "[Appellant's] counsel will present such record to [Appellee's] counsel, and, if counsel cannot reach an agreement about the admissibility of the proffered records, then a bench conference will be held to determine the admissibility of any record."

As set out above, in excluding the Bowling Green Medical Clinic and Summit Medical Center records, the trial court relied on Tennessee Rule of Evidence 902 (11), which states:

(11) Certified Records of Regularly Conducted Activity. The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by an affidavit of its custodian or other qualified person certifying that the record-

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;

(B) was kept in the course of the regularly conducted activity; and

(C) was made by the regularly conducted activity as a regular practice.
A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in

---

[2] The order is silent concerning the records from Greenview Medical Group that were excluded in the February 23, 2017 order.

advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

Tenn. R. Evid. 902(11).  The records from Bowling Green Medical Clinic, which were entered as Trial Exhibit 21 for identification only, are not accompanied by the affidavit required under Tennessee Rules of Evidence 803(6) and 902(11).  In the absence of the required affidavit, we cannot conclude that the trial court erred or otherwise abused its discretion in excluding the Bowling Green Medical Clinic records.

However, as to the records of Greenview Medical Group, which were entered as Trial Exhibit 20 for identification only, and Summit Medical Center, which were entered as Trial Exhibit 22 for identification only, these records were proffered with an affidavit from an authorized custodian of records.  From our review, the affidavits fully comply with the requirements under Tennessee Rule of Evidence 902(11).  Furthermore, it is undisputed that Appellant provided Appellee written notice of its intent to use these records well in advance of the trial.  The trial court, therefore, erred in excluding the medical records of Greenview Medical Group and Summit Medical Center.  This conclusion, however, does not end our inquiry.

The erroneous admission or exclusion of evidence is subject to harmless error analysis under Rule 36(b) of the Tennessee Rules of Appellate Procedure.  ***Blackburn v. Murphy****, 737 S.W.2d 529, 533-34 (Tenn. 1987).  Rule 36(b) of the Tennessee Rules of Appellate Procedure provides

A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more likely than not affected the judgment or would result in prejudice to the judicial process....

Tenn. R. App. P. 36(b).

The Tennessee Supreme Court has held that an error committed in a civil trial is not harmless "if the trial court's error would have more probably than not affected the judgment or would result in prejudice to the judicial process." ***In re Estate of Smallman***, 398 S.W.3d 134, 152-53 (Tenn. 2013); ***State v. Gomez***, 367 S.W.3d 237, 249 (Tenn. 2012); ***Flax,*** 272 S.W.3d at 543; ***Blackburn***, 737 S.W.2d at 533-34; ***Scott v. Jones Bros. Constr.***, 960 S.W.2d 589, 593 (Tenn. Ct. App. 1997); ***Pankow v. Mitchell***, 737 S.W.2d 293, 297 (Tenn. Ct. App. 1987).

In conducting a harmless error analysis in a jury case, it is incumbent upon the reviewing court to carefully examine the whole record to determine whether the admission or exclusion of the evidence more probably than not influenced the jury's verdict.  The reviewing court should consider the substance of the evidence and its

relation to other evidence in the case in the context of the case's peculiar facts and circumstances. *See* **Blankenship v. State**, 410 S.W.2d 159, 161 (Tenn. 1966); **Keith v. Murfreesboro Livestock Market, Inc.**, 780 S.W.2d 751, 758 (Tenn. Ct. App. 1989). In assessing the amount of weight a juror probably would have placed on the evidence, the reviewing court should take into account whether the facts present a close case or whether the point at issue is not clearly established by the proof. **Smallman**, 398 S.W.3d at 152-53 (citations omitted). A finding of either supports the conclusion that introduction [or exclusion] of the evidence was harmful error. **Id.**

Tennessee Code Annotated section 24-7-122, supra, states that medical records, when duly certified may be "used in any manner." Here, the jury awarded the full measure of Appellant's medical expenses, (and in fact, more than claimed such that the trial court granted remittitur). Although the exacerbation of an injury is compensable, a defendant has the right to put on proof that the injury is an exacerbation of a pre-existing condition. To this end, one of the records from Summit Medical Center shows the following regarding Appellee: "She states she has a history of L5-S1 disc buldge [sic] that she was supposed to have surgery for . . . but she refused." As a result of the trial court's ruling, the jury was never able to see these prior medical records and consider the earlier diagnosis, despite the records being compliant with Tennessee Code Annotated section 24-7-122 and the requirements of Rule 902(11) of the Tennessee Rules of Evidence. Without these medical records, Appellant was unable to contradict or call into question Appellee's testimony regarding her prior injuries and whether her current medical condition predated her accident with Appellant.

In our view, the improperly excluded evidence was significant and clearly relevant considering the injuries complained of by Appellee. Accordingly, we conclude that the trial court's decision to exclude Appellee's prior medical records from the Greenview Medical Group and Summit Medical Center prejudiced the judicial process and more probably than not affected the jury's verdict in this case. Our holding on this issue pretermits discussion of the remaining issues on appeal, and, as such, we express no opinion regarding the trial court's rulings on these other issues.

## V.    Conclusion

For the foregoing reasons, we reverse the trial court's judgment on the jury's verdict. The case is remanded for a new jury trial and for such further proceedings as may be necessary and are consistent with this opinion. Costs on the appeal are assessed to the Appellee, Valleree Goodwin, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE