Furman Junior Grooms and Wilbur Stinnett,
Plaintiffs in Error,

*v.*

State of Tennessee, Defendant in Error.

426 S.W.2d 176.

(*Knoxville*, September Term, 1967.)

Opinion filed March 18, 1968.

Edward F. Hurd, and Ben W. Hooper, II, Newport, for plaintiffs in error.

George F. McCanless, Attorney General, and Robert F. Hedgepath, Assistant Attorney General, Nashville, Henry F. Swann, District Attorney General, Dandridge, prosecuted the case in the trial court, for defendant in error.

PER CURIAM.

█ Plaintiffs in error, Furman Junior Grooms and Wilbur Stinnett, appeal from a conviction of burglary and larceny. In this case the Court is confronted with the minutes of the trial court which affirmatively show plaintiffs in error were convicted by a jury of thirteen members. Since this will require reversal of the judgment of conviction, we do not deem it necessary to go into the facts of this case.

The right of trial by jury is governed by Article 1, Section 6 of our Constitution, which is as follows:

The right of trial by jury shall remain inviolate, and no religious or political test shall ever be required as a qualification for jurors.

█ This constitutional provision has been held to mean a trial by "twelve good and lawful men." *Neely v. State,* 63 Tenn. 174 (1874). A conviction by an eleven-man jury is invalid. *Bowles v. State,* 37 Tenn. 360 (1858); *Bell v. State,* 37 Tenn. 507 (1857). In *Willard v. State,* 174 Tenn. 642, 130 S.W.2d 99 (1939), this Court, in regard to this constitutional provision said:

Our decisions hold that this constitutional provision protects the right of trial by jury only as it existed at common law in so far as it had been adopted and was in force in North Carolina, when the territory embraced in Tennessee was ceded by North Carolina to

the Federal Government. (Citing cases.) The right of trial by jury is the right guaranteed to every litigant in jury cases to have the facts involved tried and determined by twelve jurors. 174 Tenn. at 645, 130 S.W.2d at 100.

 A criminal conviction is just as invalid if tried by a jury of more than twelve members as it is when tried by a jury of less than twelve members.

The judgment is reversed and the case remanded for a new trial.