# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 6, 2011 Session

## STATE OF TENNESSEE v. MARCUS ANDERSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. GS-01176      W. Mark Ward, Judge**

---

**No. W2011-00139-CCA-R3-CD  - Filed September 5, 2012**

---

A Shelby County Criminal Court jury convicted the appellant, Marcus Anderson, of domestic assault by causing reasonable fear of bodily injury, and he received a sentence of eleven months and twenty-nine days.  On appeal, the appellant argues that the trial court erred by instructing the jury on domestic assault by causing reasonable fear of bodily injury.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Andre B. Mathis, Memphis, Tennessee, for the appellant, Marcus Anderson.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and Robert Ratton, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On December 9, 2009, a warrant was issued for the appellant's arrest.  The affidavit of complaint alleged that the appellant committed domestic assault in violation of Tennessee Code Annotated section 39-13-111 and provided the following "essential facts constituting said offense[]":

> Victim Natasha Anderson advised her estranged husband,
> Marcus Anderson, came to her residence at 629 Duck Call,

Cordova, to pick up their daughter and an argument began. The victim advised she asked him several times to leave the residence. She advised she opened the door and asked him to leave again, then he slammed the door and grabbed her by her feet causing her to fall and strike the back of her head on the stairs. She also advised once she was on the ground he began to choke her. The victim's daughter, Jasmine, called the police and before the police arrived Marcus Anderson took the victim's cell phone and left the scene.

Following a hearing in general sessions court, the appellant was found guilty of domestic assault. The appellant filed a de novo appeal to the Shelby County Criminal Court, and a trial was held on October 1, 2010. Neither a transcript of the trial nor a statement of the evidence was included in the appellate record. The record contains what purports to be the written jury instructions; however, a transcript of the trial court's instructions was not included. The written instructions indicate that the trial court instructed the jury as follows:

The defendant, Marcus Anderson, is charged with a Domestic Assault which is alleged to have occurred on or about July 5, 2009. The first count charges DOMESTIC ASSAULT BY CAUSING BODILY INJURY. Included within this offense is the lesser-included offense of DOMESTIC ASSAULT BY PROVOCATIVE CONTACT . . . . The second count charges DOMESTIC ASSAULT BY CAUSING REASONABLE FEAR OF BODILY INJURY.

The jury found the appellant not guilty of domestic assault by causing bodily injury and not guilty of domestic assault by provocative contact. However, the jury found the appellant guilty of domestic assault by causing reasonable fear of bodily injury.

On appeal, the appellant maintains that the trial court erroneously charged the jury on domestic assault by causing reasonable fear of bodily injury because "[t]here are simply no facts alleged in the Affidavit of Complaint that support the conclusion that [the appellant] placed [the victim] in reasonable fear of bodily injury." In other words, he contends that the facts alleged in the affidavit of complaint were adequate to provide notice that he was charged with assault by causing bodily injury or by provocative contact; however, he was not on notice of the charge of domestic assault by causing reasonable fear of bodily injury. Therefore, the jury should have been instructed on "the means specific in the charging instrument."

## II. Analysis

Initially, as we have noted, the record on appeal does not contain a transcript of the trial, a transcript of the jury instructions, or a statement of the evidence summarizing the proof adduced at trial. The State contends that the appellant has waived the issue by failing to include the foregoing materials. In response, the appellant maintains that he has not waived the issue, arguing that to review his claim, this court need only consider the affidavit of complaint, which is the charging instrument, and the written jury charge. We agree with the State.

Rule 24(b) of the Tennessee Rules of Appellate Procedure provides that "the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." See also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). This court has previously cautioned that

> [f]ailure to include a transcript normally waives review of appellate issues pertaining to jury instructions because without a complete record, it is impossible for this court to discern whether the written jury instruction conforms to the instructions as read to the jury and thus, whether error actually occurred. See Tenn. R. App. P. 24(b); State v. Jones, 623 S.W.2d 129 (Tenn. Crim. App. 1981).

State v. Dedonnas R. Thomas, No. W2000-01465-CCA-R3-CD, 2002 WL 1558687, at *7 (Tenn. Crim. App. at Jackson, Jan. 30, 2002); see also State v. Andrew Douglas Rush, No. M2009-02253-CCA-R3-CD, 2010 WL 4868086, at *7 (Tenn. Crim. App. at Nashville, Nov. 29, 2010), perm. to appeal denied, (Tenn. 2011); State v. Walter Wilson, No. W2001-01463-CCA-R3-CD, 2002 WL 31259461, at *5 n.2 (Tenn. Crim. App. at Jackson, Sept. 4, 2002); State v. Thomas Mitchell, No. W1998-00509-CCA-R3-CD, 1999 WL 1531758, at *4 n. 2 (Tenn. Crim. App. at Jackson, Dec. 20, 1999).

The charging instrument accused the appellant of committing domestic abuse as defined by Tennessee Code Annotated section 39-13-111. Generally, a charging instrument meets constitutional and statutory requirements when it satisfies "the overriding purpose of notice to the accused." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000); see also State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Usually, an accused is sufficiently put on notice when a charging instrument cites a particular statute. See Rigger v. State, 341 S.W.3d 299, 316-17 (Tenn. Crim. App. 2010); State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999). Moreover, our supreme court has stated that a

charging instrument "need not allege the specific theory or means by which the State intends to prove each element of than offense to achieve the overriding purpose of notice to the accused" Hammonds, 30 S.W.3d at 300. From the limited record before us, it appears that the charging instrument was sufficient to put the appellant on notice of the charged offenses. However, without the trial transcript, a statement of the evidence, or a transcript of the jury instructions, we are unable to discern exactly what occurred in the trial court. Thus, this failure precludes review of the issue.

### III.  Conclusion

In sum, we conclude that the appellant has failed to preserve the issue for appeal. Accordingly, we affirm the judgment of the trial court.


_____
NORMA McGEE OGLE, JUDGE