IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHILLLE
September 12, 2017 Session

**STATE OF TENNESSEE v. SHARON DAUGHERTY**

**Appeal from the Criminal Court for Macon County**
**No. 15-CR-81      Brody Kane, Judge**

**No.  M2016-02552-CCA-R3-CD**

The Appellant, Sharon Daugherty, appeals the Macon County Criminal Court's order denying her motion to recover firearms confiscated during a search of her home. On appeal, the Appellant contends that she is entitled to the return of the property because the State dismissed the criminal charges against her. Because the Appellant has no appeal as of right from the denial of a motion to recover confiscated property, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Harry A. Christensen, Lebanon, Tennessee, for the appellant, Sharon Daugherty.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 24, 2016, the Appellant filed a motion to recover firearms confiscated from her home by the drug task force after the execution of a search warrant. The motion stated that the Appellant's husband, Tommy Daugherty, was arrested on drug-related charges after the search. According to the motion, Mr. Daugherty ultimately pleaded guilty to a single drug-related offense in exchange for the dismissal of the remaining charges, including a weapons-related offense relative to the seized firearms. Although the motion does not identify the State's charges against the Appellant, the motion states that all of her charges were dismissed after Mr. Daugherty pleaded guilty.

At the November 4, 2016 motion hearing, counsel stated that the Appellant was initially charged with drug possession with the intent to sell because the Appellant "had some personal pharmaceuticals that apparently weren't satisfactorily up to count." Counsel said that during plea negotiations with the prosecutor, the parties agreed the charges against the Appellant would be dismissed. Counsel conceded that he and the prosecutor did not discuss the confiscated firearms during plea negotiations but stated that no forfeiture warrant was filed and that the police investigation was closed. Counsel stated that the Appellant had no pending criminal charges against her, that she was not a convicted felon, that she needed money to pay her mortgage during Mr. Daugherty's confinement, and that she intended to sell the firearms to meet her financial obligations.

The prosecutor opposed the motion on the basis that Mr. Daugherty pleaded guilty to selling narcotics, which were the same type of narcotics for which the Appellant "was short on her pill count." The prosecutor said that the Appellant and Mr. Daugherty were charged after a controlled drug purchase. The prosecutor also opposed the motion on the basis that the Appellant had failed to provide proof of ownership of the confiscated firearms. The prosecutor believed the firearms belonged to Mr. Daugherty and stated the prosecutor could not provide the firearms to a third party. The prosecutor stated that Mr. Daugherty was prohibited from owning and possessing firearms because he was now a convicted felon and without proof that the firearms belonged to the Appellant, she was not entitled to recover them.

Upon questioning by the trial court, the Appellant testified that she could not provide the dates upon which the firearms were purchased. The following exchange occurred:

| The Court: | Tell me what guns you're wanting back. |
| [The Appellant]: | I'd like to have all of them. |
| The Court: | I don't want you looking at a sheet, ma'am. I want you to tell me what they are. |
| [The Appellant]: | I couldn't tell you what they are. I mean, I'll just be honest with you. |
| The Court: | Motion denied. |

In a written order, the trial court found that the Appellant could not provide a general description or identify the make and model of any firearm seized by the police during the drug-related investigation and that the Appellant did not provide information relative to the length of her marriage to Mr. Daugherty. The court determined that the firearms were possessed during the commission of a criminal offense and were subject to asset forfeiture. The court found that the Appellant was unable to establish any interest in the firearms, that no evidence showed she acquired any of the firearms or was the lawful owner, and that no

evidence showed the firearms were acquired by Mr. Daugherty during the Appellant's marriage to him. This appeal followed.

The Appellant contends that the trial court erred by denying her motion. She argues that the firearms are "family property" and that she is entitled to receive them. The State argues that the appeal should be dismissed because the Appellant does not have an appeal as of right from the trial court's order. We agree with the State.

As a preliminary matter, we note that the appellate record only contains the Appellant's motion, the motion hearing transcript, and the trial court's written order. Although the Appellant's motion is restricted to the return of the firearms seized during the search of her and Mr. Daugherty's home, nothing related to the relevant criminal investigation against her and her husband is included in the appellate record before this court. The Appellant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g.*, *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id*. (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

In any event, we conclude that this court does not have jurisdiction to consider the Appellant's appeal. *See* T.R.A.P. 13(b) (stating that "[t]he appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review"). Tennessee Rule of Appellate Procedure Rule 3(b) states, in relevant part, that an appeal as of right in a criminal action "lies from any judgment of conviction entered by a trial court from which an appeal lies to the . . . Court of Criminal Appeals." In the present case, no judgment of conviction exists because, as the parties agree, the charges against the Appellant were dismissed.

Furthermore, the Appellant's reliance on Tennessee Criminal Procedure Rule 41(g), related to the return of property seized pursuant to an unlawful or invalid search by law enforcement to provide a basis for this appeal, is misplaced. The Appellant is not appealing the denial of a motion pursuant to Tennessee Rule of Criminal Procedure Rule 41, and even if she were, an appeal as of right from the denial of a Rule 41 motion to obtain seized property only lies when the property seized is the basis of a successful motion to suppress evidence. *See State v. Rowland*, 520 S.W.3d 542, 548 (Tenn. 2017). No evidence shows the firearms were the subject of a successful motion to suppress evidence before the charges

against her were dismissed.  Therefore, this court does not have jurisdiction to determine whether the Appellant is entitled to receive the firearms.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.


_____
ROBERT H. MONTGOMERY, JR., JUDGE