IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 16, 2018

## JAMES ODELL OSBORNE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**Nos.  2016-CR-73, 2016-CR-74,        Forest A. Durard, Jr., Judge**
**2016-CR-75, 2016-CR-76**

_____

### No. M2016-02053-CCA-R3-PC
_____

The Petitioner, James Odell Osborne, appeals the Marshall County Circuit Court's denial of his petition for post-conviction relief from his 2015 convictions for three counts of failure to appear, misdemeanor theft, and felony theft and his effective nine-year sentence. The Petitioner contends that he received the ineffective assistance of counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Matthew D. Wilson, Spring Hill, Tennessee, for the appellant, James Odell Osborne.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Robert H. Carter, District Attorney General; and Edward Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 18, 2015, a Marshall County Circuit Court jury convicted the Petitioner of failure to appear, and he received a six-year sentence. On the same day, the Petitioner entered "best interest" guilty pleas to two counts of failure to appear, felony theft, and misdemeanor theft, and he received concurrent sentences of three years, three years, and eleven months, twenty-nine days, respectively. Pursuant to the plea agreement, the effective three-year sentence was imposed consecutively to the six-year sentence, for an overall effective nine-year sentence. The Petitioner also waived his right to appeal the jury trial conviction for failure to appear. The trial and the guilty plea hearing transcripts are not included in the appellate record.

On May 27, 2016, the Petitioner filed the instant petition for post-conviction relief, alleging that he received the ineffective assistance of counsel, that his confession was coerced, that the prosecution failed to disclose favorable evidence, that double jeopardy principles were violated, that inadmissible evidence was used to convict him, and that he had discovered new evidence. The petition sought post-conviction relief relative to his guilty plea convictions for two counts of failure to appear and felony theft and his jury trial conviction for failure to appear. The petition did not seek relief for the misdemeanor theft conviction.

At the post-conviction hearing, trial counsel testified that he represented the Petitioner on the failure to appear charge that resulted in a guilty verdict after a jury trial. Counsel said that the only defense witness was the Petitioner, who testified that he had been homeless and unable to attend court on the date that formed the basis of the charge. Counsel stated that he and the Petitioner did not discuss witnesses who could substantiate the Petitioner's homelessness but recalled that they discussed a nurse who was "treating" the Petitioner. Counsel said that the Petitioner wanted the nurse to testify about the Petitioner's prescribed medications, that the Petitioner wanted to introduce records from Mental Health Cooperative, Inc., during the nurse's testimony, and that counsel believed the records contained information detrimental to the Petitioner's case. The mental health records were received as an exhibit and showed that the Defendant had been diagnosed with "major depressive disorder, recurrent, severe with psychotic features," had been prescribed Trazodone, Wellbutrin, and Seroquel, and had reported cocaine use on January 13, 2015.

Trial counsel testified that he and the Petitioner discussed a possible "temporary insanity" defense. Counsel did not recall, though, whether the Petitioner provided him with medical records. Counsel said that the prosecution presented the bondsman and a court clerk as trial witnesses and that the defense theory was that the Petitioner was homeless and could not "get" to the courthouse.

Trial counsel testified that although another attorney resolved the charges to which the Petitioner entered best interest guilty pleas, the Petitioner faced more than fifty years' confinement for all of the charges based upon the Petitioner's offender classification. Counsel said that he and the Petitioner discussed the possible outcomes. Counsel said that the Petitioner mentioned having "some [mental health] issues" but that counsel never saw any medical records.

Defense counsel, the attorney who represented the Petitioner at the guilty plea hearing, testified that he negotiated the plea agreement for the Petitioner's remaining convictions. Counsel recalled that the Petitioner faced a maximum sentence of more than fifty years, that they discussed the details of the plea offer, and that counsel provided the

Petitioner with what counsel anticipated the likely sentences would have been after a trial. Counsel said that, pursuant to the plea offer, the Petitioner waived his right to appeal the failure to appear jury trial verdict and that the Petitioner's three-year effective sentence would be served consecutively to the six-year sentence.

Defense counsel did not recall the Petitioner's having any mental health issues and testified that had he known of any mental health issues, the information might have affected how he approached discussions with the Petitioner. Counsel did not recall discussing exculpatory evidence with the Petitioner. On cross-examination, defense counsel stated that, based upon his discussions with the Petitioner, counsel had no reason to believe the Petitioner suffered from mental health issues.

Upon questioning by the post-conviction court, defense counsel could not recall the details leading him to conclude the Petitioner faced a potential effective sentence of approximately fifty years. On redirect examination, counsel stated that three of the Petitioner's charges were for failure to appear and that the Petitioner faced a possible effective eighteen-year sentence on those charges alone.

On recross-examination, defense counsel testified that his general practice was to advise a client of the proper sentencing range based upon the offense charged and the client's offender classification and of the maximum sentence for each offense within the proper range. Counsel agreed that he also advised the client what counsel believed was a realistic sentence for each charged offense. Counsel knew that it was unlikely the trial court would order consecutive service of all the Petitioner's sentences if the Petitioner chose to go to trial on the remaining charges and said that he explained this to the Petitioner. Counsel said that he advised the Petitioner that it was unlikely the Petitioner would receive an effective fifty-year sentence if he rejected the plea offer.

At the conclusion of the proof, the post-conviction court stated it "understood" trial counsel's reasoning for not admitting the mental health records and found that the records reflected the Petitioner's admitted drug use. The court stated that no jury would have been sympathetic to a defendant who used illegal drugs as the basis for missing a court appearance and determined that counsel's chosen defense of showing the Petitioner was homeless and had "all these other problems" was a palatable defense for a jury, although the jury rejected it. Relative to the plea agreement, the post-conviction court stated that the prosecution gave up a number of years in exchange for the effective nine-year sentence. The post-conviction judge stated, "I assure [you] I would have stacked some of those cases." The court determined that the felony theft conviction alone for a career offender was fifteen years at sixty percent service and noted that fifteen years was significantly higher than the overall, effective nine-year sentence the Petitioner received. The court determined that the Petitioner also failed to establish prejudice.

In the written order denying relief, the post-conviction court found that trial counsel did not present the mental health records supplied by the Petitioner because they contained notations regarding the Petitioner's cocaine use and because counsel thought this evidence would negatively impact the jury's view of the Petitioner. The court found that counsel chose to present evidence that the Petitioner had been homeless and "had no way to make his court date."

The post-conviction court determined that defense counsel representing the Petitioner during the plea negotiations and at the guilty plea hearing told the Petitioner that, at most, the Petitioner could receive fifty years' confinement if convicted of all the offenses. The court determined that counsel believed a fifty-year sentence was possible if the Petitioner received the maximum sentences for each offense and consecutive service was ordered for all of the sentences. The court found that defense counsel did not believe the Petitioner would receive an effective fifty-year sentence. The court found that after the jury trial, counsel negotiated a six-year sentence at 60% service for the failure to appear conviction and an effective three-year sentence for the offenses to which the Petitioner pleaded guilty, with the understanding that the Petitioner waived his right to appeal the jury trial conviction and that the six-year and three-year sentences would be served consecutively, for an overall effective sentence of nine years.

The post-conviction court noted that although the Petitioner did not testify at the post-conviction hearing, the Petitioner argued that he was "overborne" by counsel's stating he could receive a fifty-year sentence and that as a result, his guilty pleas were involuntary. The court noted that the petition did not involve the misdemeanor theft conviction and that the judgment relative to the jury trial conviction for failure to appeal showed that the sentence was to be served consecutively to a conviction in another county and any other unexpired sentences. The court determined that "the record [was] not sufficiently developed" to determine whether counsel accurately told the Petitioner that the overall sentence could have been fifty years. Therefore, the court found that the Petitioner had failed to prove his allegation by clear and convincing evidence. The post-conviction court determined that the Petitioner was a career offender and had familiarity with court proceedings, and the court stated that it was reasonable to assume that the Petitioner accepted the plea offer to avoid a lengthier sentence.

The post-conviction court determined that the Petitioner failed to present a witness at the hearing to support his allegation that trial counsel provided ineffective assistance by failing to interview and to present an exculpatory witness. This appeal followed.

The Petitioner contends that the post-conviction court erred by denying relief. He argues that he received ineffective assistance of defense counsel at the guilty plea hearing.

-4-

The Petitioner argues that his acceptance of the plea agreement was involuntary based upon his mental state. He does not argue on appeal that trial counsel provided ineffective assistance during the trial at which he was convicted of failure to appear. The State responds that the appeal should be dismissed because the Petitioner has failed to prepare an adequate record for appellate review and, alternatively, that the evidence supports the post-conviction court's determinations.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993); *Hill v. Lockhart*, 474 U.S. 52 (1985). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a

petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Although the Petitioner challenges the voluntariness of his guilty pleas, he has failed to include the guilty plea hearing transcript in the appellate record. We note that the transcript was not offered at the post-conviction hearing. The Petitioner has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g.*, *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). This included the obligation to have a transcript of the evidence or proceedings prepared. *See* T.R.A.P. 24(b). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id*. (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The Petitioner has failed to prepare an adequate record, and he is not entitled to relief.

In any event, defense counsel testified that he did not recall the Petitioner's having mental health issues. Likewise, counsel testified that, based upon his discussions with the Petitioner, counsel had no basis to believe that the Petitioner suffered from mental health issues. We note that the Petitioner did not present a mental health expert at the post-conviction hearing to refute counsel's testimony. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

Defense counsel stated that although he believed the Petitioner could receive a possible fifty-year sentence with maximum consecutive sentences, counsel explained to the Petitioner that it was unlikely the Petitioner would receive fifty years' confinement if he rejected the plea offer. Counsel testified that he provided his opinion to the Petitioner about the most realistic sentence for each offense. As a result, the record supports the post-conviction court's determinations.

Based upon the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE