IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 3, 2023

**STATE OF TENNESSEE v. HANK COOLEY, JR.**

**Appeal from the Circuit Court for Madison County**
No. 19-951          Kyle C. Atkins, Judge

_____

**No. W2023-00073-CCA-R3-CD**

_____

The Defendant, Hank Cooley, Jr., appeals from his best interest, guilty-pleaded convictions for felony evading arrest risking death or injury, driving on a revoked license (second offense), reckless driving, disobeying a traffic signal, violation of the light law, speeding, and failure to exercise due care. *See* T.C.A. §§ 39-16-603(b)(3)(B) (2018) (subsequently amended) (evading arrest), 55-50-504 (2020) (driving on a revoked license), 55-10-205 (2020) (reckless driving), 55-8-110 (2020) (subsequently amended) (disobeying a traffic signal), 55-9-402 (2020) (subsequently amended) (violation of light law), 55-8-152 (2008) (speeding), and 55-8-136 (2020) (failure to exercise due care). The trial court ordered the Defendant to serve an effective sentence of twelve years in confinement. On appeal, the Defendant contends the court erred by denying alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and J. ROSS DYER, J., joined.

William J. Milam, Jackson, Tennessee, for the Appellant, Hank Cooley, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General, Jody S. Pickens, District Attorney General; Albert Earls, Assistant District Attorney General for the Appellee, State of Tennessee.

**OPINION**

On September 9, 2019, a Madison County Sheriff's deputy noticed flickering brake lights on a black GMC truck driven by the Defendant. The deputy attempted to stop the truck after it "switched lanes nearly striking two other vehicles." With the deputy in pursuit, the Defendant ran a red light and "nearly struck several vehicles" at an intersection before driving onto Interstate 40. The Defendant sped through a construction zone where workers were present and "passed several cars and tractor trailers in the inside emergency lane." The deputy disengaged his pursuit and the Defendant fled into a neighboring county where other law enforcement officers continued the pursuit until the Defendant wrecked.

A Madison County Grand Jury indicted the Defendant for felony evading arrest risking death or injury, driving on a revoked license (second offense), reckless driving, disobeying a traffic signal, violation of the light law, speeding, and failure to exercise due care. The State filed a notice requesting enhanced punishment based upon the Defendant's prior convictions, including eleven felony convictions. On May 19, 2021, the Defendant entered a best interest plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to all counts in the indictment with the length and manner of service of the sentences to be determined by the trial court.

At the May 19, 2021 guilty plea hearing, the Defendant acknowledged that he was familiar with the charges against him, that his pleas were made knowingly and voluntarily, that he had discussed the case with his lawyer, that he could be sentenced for up to twelve years, that he was giving up his right to a jury trial, and that he had a right to appeal his sentence. The court accepted the Defendant's plea and set a sentencing hearing for June 22, 2021. The record includes the guilty plea hearing transcript but does not include the sentencing hearing transcript.

On July 6, 2021, the trial court signed judgments which classified the Defendant as a career offender for sentencing purposes and ordered him to serve an effective twelve-year sentence in the Tennessee Department of Correction. On December 16, 2022, some eighteen months later, the court entered an order granting the Defendant a delayed appeal, staying post-conviction proceedings pending the results of the delayed appeal, and appointing appellate counsel for the Defendant. The Defendant filed his notice of appeal with this court on January 17, 2023.

On March 16, 2023, the trial court clerk notified this court that no transcripts had been filed with the clerk. This court entered an order on March 24, 2023, giving the Defendant ten days to notify this court concerning the status of the appeal with an explanation for the delay in the preparation of the transcripts. On April 13, 2023, this court entered an order granting the Defendant's motion to late-file the transcripts and granted the Defendant an additional fifteen days in which to file the transcripts. On April

-2-

25, 2023, the trial court clerk certified that the technical record and the guilty plea transcript were transmitted to this court.

On appeal, the Defendant contends that the trial court erred by denying him alternative sentencing. The State counters that the Defendant's appeal is untimely and, alternatively, is waived for his failing to include the sentencing hearing transcript in the appellate record. The State argues that the Defendant's January 17, 2023 notice of appeal was untimely, as it was filed more than 30 days after the judgments of conviction were entered on July 7, 2021. The State contends that the trial court's grant of a delayed appeal was improper because it did not comply with the Post-Conviction Procedure Act. The Defendant did not avail himself of the opportunity to file a reply brief responding to this argument. *See* T.R.A.P. 27(c).

The appellate record is insufficient for us to determine the basis for the trial court's post-conviction order granting the Defendant a delayed appeal of his sentencing. However, "[i]n all criminal cases the 'notice of appeal' document is not jurisdictional and timely filing of such document may be waived in the interest of justice." T.R.A.P. 4(a). In the interest of justice, we waive the timely filing of the notice of appeal.

The Defendant, as the appellant, has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, if the appellate record is incomplete, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id.* (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

The appellate record contains the guilty plea hearing transcript, a presentence report, and an order granting a delayed appeal as a form of post-conviction relief. The record does not contain a sentencing hearing transcript or any pleadings relating to the Defendant's petition for post-conviction relief. The basis for the Defendant's appeal is that the trial court erred in sentencing. Although the presentence report provides information regarding the Defendant's social and employment history, prior criminal convictions, mental health treatment, and risk of reoffending, nothing in the record reflects the evidence introduced at the sentencing hearing, any statement made by the Defendant, the arguments of counsel, or the sentencing findings and determinations of the court. Because the appellate record does not include information necessary to facilitate appellate review of the Defendant's sentence, we cannot determine whether the court

-3-

abused its discretion when sentencing the Defendant. Therefore, we conclusively presume that the sentencing determinations of the court were correct in all particulars. *Miller*, 737 S.W.2d at 558. The Defendant is not entitled to relief.


In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.


_____
ROBERT H. MONTGOMERY, JR., JUDGE