IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2025

**STATE OF TENNESSEE v. FELIX MANDIEL LEACH**

**Appeal from the Circuit Court for Marshall County**
**No. 2018-CR-129    M. Wyatt Burk, Judge**

_____

**No. M2025-00371-CCA-R3-CD**

_____

The Defendant, Felix Mandiel Leach, pleaded guilty to possession with the intent to sell or to deliver a Schedule II controlled substance as a Range II, multiple offender and received a twelve-year sentence to be served on probation. The Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily denied. On appeal, the Defendant contends that the court erred in denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Felix Mandiel Leach, Columbia, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; and Robert J. Carter, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

Although the indictment is not contained in the appellate record, the judgment forms reflect that the Defendant was charged with two counts of possession with the intent to sell or to deliver a Schedule II controlled substance for offenses occurring on April 12, 2018. On April 28, 2020, the Defendant pleaded guilty, pursuant to a plea agreement, as a Range II, multiple offender to one count of possession with the intent to sell or to deliver a Schedule II controlled substance and received a twelve-year sentence to be served on probation. The sentence was to be served consecutively to a sentence the Defendant was serving on parole. The remaining indictment count was dismissed. On December 19, 2021, the Defendant's parole expired, and the Defendant began serving his probationary

sentence in the present case. The plea agreement and the guilty plea hearing transcript are not contained in the appellate record.[1]

On May 18, 2022, a probation violation warrant was issued, alleging that on February 15, 2022, the Defendant committed new criminal offenses, which included drug-related offenses, resisting arrest, tampering with evidence, and disobeying a stop sign. At the December 13, 2024 probation violation hearing, the trial court determined that the Defendant violated the conditions of his release but returned the Defendant to probation after serving one year in confinement. The court imposed an additional probation condition that the Defendant undergo six months of inpatient drug treatment.

On December 12, 2024, one day before the probation revocation hearing, the Defendant filed a motion to dismiss the probation warrant and to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1 As relevant to this appeal, the Defendant asserted that a twelve-year sentence on probation was illegal and that "[t]he maximum amount of probation an individual may plea is eight . . . years."[2] The Defendant argued that his sentence was illegal and should be corrected pursuant to Tennessee Criminal Procedure Rule 36.1. The probation violation hearing transcript and the trial court's probation revocation order reflect that the court did not resolve the Rule 36.1 motion.

However, on January 7, 2025, the Defendant filed a pro se amended motion to correct an illegal sentence pursuant to Rule 36.1, arguing that his twelve-year sentence on probation was illegal because the maximum amount of probation allowed was ten years pursuant to Tennessee Code Annotated section 40-35-303(a). The Defendant requested that the trial court vacate his twelve-year sentence, reinstate the charges against him, and proceed to a trial.

On February 20, 2025, the trial court entered an order summarily denying Rule 36.1 relief and dismissing the motion. The trial court found that the Defendant was charged with two counts of possession with the intent to sell or to deliver 0.5 gram or more of cocaine. The court found that after resolving multiple pretrial motions and scheduling this case for a trial, the Defendant, with the assistance of an attorney, negotiated and executed a petition to enter a guilty plea on April 24, 2020. The court found that on April 28, 2020,

---

[1] *See* T.R.A.P. 24(b); *see also State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983) (The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal.); *State v. Stack*, 682 S.W.3d 866, 876 (Tenn. Crim. App. 2023).

[2] Tennessee Code Annotated section 40-35-303(a) (Supp. 2016), the version of the statute relevant to the Petitioner's conviction, states, "A defendant shall be eligible for probation . . . if the sentence actually imposed upon the defendant is ten (10) years or less[.]"

the court "conducted a thorough Plea Acceptance Hearing," at which the Defendant pleaded guilty to a single count of possession with the intent to sell 0.5 gram or more of cocaine. The court, likewise, found that the petition to enter a guilty plea showed that the agreed-upon sentence was twelve years as a Range II offender at 35% service to be served on probation after the completion of the sentence the Defendant was then serving on parole.

The trial court acknowledged that generally, probation is available to a defendant sentenced to ten years or less. *See* T.C.A. § 40-35-303(a). The court determined, though, that the twelve-year sentence to be served on probation was a material component of the negotiated plea agreement and that the Defendant received the benefit of serving his sentence on probation, rather than in confinement. *See* Tenn. R. Crim. P. 36.1(c)(3)(B). This appeal followed.

The Defendant contends that the trial court erred by denying Rule 36.1 relief for identical reasons as stated in his motion. The State responds that the trial court did not err by denying relief because the manner of service of the Defendant's sentence was a material component of the plea agreement and was to the Defendant's benefit.

Tennessee Rule of Criminal Procedure 36.1 provides:

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

. . . .

(b)(3) If the motion states a colorable claim that the unexpired sentence is illegal, the court shall determine if a hearing is necessary. If the court, based on its review of the pleadings and, if necessary, the underlying

-3-

record, determines that the motion can be ruled upon without a hearing, it may do so in compliance with subdivision (c) of this rule. . . .

. . . .

(c)(2) With or without a hearing, if the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. . . .

(3) With or without a hearing, if the court determines that the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal aspect of the sentence was a material component of the plea agreement.

(A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

. . . .

The question of whether a Rule 36.1 motion states a colorable claim is one of law, which we review de novo. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015).

The trial court determined that the Defendant's twelve-year sentence on probation was illegal. *See* T.C.A. § 40-35-303(a) (Generally, probation is available to a defendant sentenced to ten years or less.). However, after reviewing the trial court record, including the plea agreement and the guilty plea transcript, the court determined that the illegality was a material component of the plea agreement and was to the Defendant's benefit. *See* Tenn. R. Crim. P. 36.1(c)(3)(B).

The record supports the trial court's determination that serving a twelve-year sentence on probation, rather than in confinement, is to the Defendant's benefit. However, the appellate record does not contain the plea agreement or the guilty plea hearing transcript, which precludes this court from reviewing the court's determination that the manner of service of the twelve-year sentence was a material component of the plea agreement. The Defendant had the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See,*

-4-

*e.g.*, *Bunch*, 646 S.W.2d at 160. This included the obligation to have a transcript of the guilty plea hearing prepared and to include the plea agreement in the appellate record. *See* T.R.A.P. 24(b). "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id*. (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The Defendant has failed to prepare an adequate record, and we must presume that the court's ruling was correct. As a result, we conclude that the trial court did not err by summarily denying Rule 36.1 relief. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

-5-